United States District Court
Southern District of Texas
**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN L. JACKSON, <br> (BOP # 25905-078) <br><br> Plaintiff, <br><br> vs. <br><br> BOBBY LUMPKIN, as Director of the Texas Department of Criminal Justice—Correctional Institutions Division, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-22-586 |

**MEMORANDUM OPINION AND ORDER**

Former Texas state prisoner[1] Allen L. Jackson filed a complaint under 42 U.S.C. § 1983, alleging civil rights violations by prison officials from the Ferguson Unit of the Texas Department of Criminal Justice. (Docket Entry No. 1). At the court's request, Jackson filed a more definite statement of his claims. (Docket Entry No. 15). Because Jackson is a prisoner proceeding without prepayment of the filing fees, the court is required by the Prison Litigation Reform Act to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the action is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see also* 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

**I.      Background**

Jackson was previously incarcerated at TDCJ's Ferguson Unit. Jackson alleges that on

---

[1] Jackson is now confined by the Bureau of Prisons on federal charges of possession with intent to distribute cocaine. (Docket Entry No. 15, p. 33).

July 6, 2019, he and the other inmates from his cell block were in the dayroom when Sergeant Lewis called for an inmate count. (Docket Entry Nos. 1, p. 2; 15, p. 2). Jackson alleges that Lewis called for a row-by-row count and did not call his row, so he remained in the dayroom. (Docket Entry No. 15, p. 15). Sergeant Lambert determined that Jackson and the other inmates who did not leave the dayroom had disobeyed Lewis's order and had refused to comply with the count. (*Id.* at 2). Lambert, accompanied by Officer Gardiner, came to the dayroom, opened a hatch in the door, and "tossed chemical agents" inside with no warning of any kind. (*Id.*).

Jackson alleges that his eyes immediately began to tear up, his skin was burning, he could not breath, and he passed out. (*Id.*). When he passed out, he fell and injured his head and neck. (Docket Entry No. 1, p. 2). While unconscious, he vomited and soiled himself. (*Id.*). Jackson alleges that when he came to, he repeatedly requested medical assistance, but his requests were denied. (Docket Entry No. 15, p. 31). He alleges that he was not allowed to wash the chemicals out of his eyes and off his skin for several hours, he was refused treatment for the injuries to his head and neck, and he was required to remain in his soiled clothing until the next day. (*Id.* at 32). Jackson was given a disciplinary charge for disobeying the order to leave the dayroom. (*Id.* at 15). He filed Step 1 and Step 2 grievances relating to both the incident and his resulting disciplinary charge, but these grievances were denied on October 3, 2019, and November 15, 2019. (*Id.* at 12-20).

Jackson alleges that Lewis, Lambert, and Gardiner violated his constitutional right to be free from cruel and unusual punishment by using chemical agents in a confined space. (*Id.* at 30-31). He alleges that they also displayed deliberate indifference to his serious medical needs by denying him medical care. (*Id.* at 32). He alleges that Lieutenant Bazan and TDCJ-CID Director Bobby Lumpkin are responsible for these violations as the supervisors of Lewis, Lambert, and

2

Gardiner.  (*Id.* at 30).  Jackson seeks both monetary damages and injunctive relief against all of the defendants.  (Docket Entry Nos. 1, pp. 2-3; 15, p. 33).

Jackson seems to acknowledge that his complaint is untimely filed.  (Docket Entry No. 1, p. 1).  He seeks to avoid dismissal by asserting that the limitations period should be equitably tolled because he was incarcerated at TDCJ during the COVID-19 pandemic when there were "penological lockdowns."  (*Id.*).

## II.     Discussion

There is no federal statute of limitations for actions under § 1983, so federal courts borrow the forum state's general personal injury limitations period.  *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019), *as revised* (July 2, 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).  Because "Texas has a two-year statute of limitations for personal injury claims[,]" a civil rights plaintiff in Texas has two years from the date his or her claims accrue to file suit.  *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  As a result, a Texas prisoner's claim brought more than two years after he knew or had reason to know of his injury is barred by limitations and subject to dismissal under § 1915A(b)(1).  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Jackson knew or had reason to know of his injuries on July 6, 2019.  (Docket Entry Nos. 1, p. 2; 15, p. 30).  But he did not file his civil rights complaint seeking relief for those injuries until January 26, 2022.  Because his complaint was filed more than two years after he knew or had reason to know of the alleged violations of his constitutional rights, his complaint must be dismissed unless an exception to the limitations period applies.

3

Jackson alleges that he should be entitled to equitable tolling of the limitations period due to the COVID-19 pandemic. (Docket Entry No. 1, p. 1). He alleges that "pandemic conditions" and "penological lockdowns" prevented him from filing his complaint sooner. (*Id.*). He seeks an equitable extension of the limitations period for long enough to make his complaint timely.

Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Balle,* 952 F.3d at 558 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)); *see also Wallace,* 549 U.S. at 396 ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). "[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the plaintiff's] control; delays of [his] own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). So a "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002). Neither does an unawareness of the law, lack of knowledge of filing deadlines, *pro se* status, or lack of legal training. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The plaintiff has the burden of establishing that equitable tolling is warranted. *See Granger v. Aaron's, Inc.,* 636 F.3d 708, 712 (5th Cir. 2011) (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402. 404 (5th Cir. 1995) (per curiam)).

Jackson's allegations fail to satisfy either element necessary to be entitled to equitable tolling. First, Jackson has not shown that he has diligently pursued his claim. Jackson waited more than two-and-a-half years after the incident, and more than fourteen months after his final

4

Step 2 grievance concerning the incident was denied, to file his complaint. Equitable tolling is not intended to benefit those who sleep on their rights, *see Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012), and this lengthy period of inactivity indicates a lack of due diligence.

      Second, Jackson has not shown that an extraordinary circumstance actually prevented him from timely filing his complaint. This court and others have held that the intermittent lockdowns and limited access to the law library resulting from TDCJ's response to the COVID-19 pandemic do not, without more, constitute an "extraordinary circumstance" warranting equitable tolling. *See, e.g., United States v. Clay*, Civil No. 2:20-236, 2021 WL 2018996 (S.D. Tex. May 18, 2021); *Cruz v. Lumpkin*, No. 4:21-CV-610-P, 2021 WL 3710568, at * 2-3 (N.D. Tex. Aug. 18, 2021) (holding that intermittent lockdowns, limited access to the prison law library, and an inability to obtain legal assistance because of COVID-19 pandemic procedures did not prevent petitioner from filing a federal habeas petition and are not grounds for equitable tolling); *Ramos v. Lumpkin*, Civil No. SA-20-CA-01448-FB, 2021 WL 3410314, at *3 (W.D. Tex. Aug. 4, 2021) (same); *see also Tate v. Parker,* 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (holding that temporary denials of access to the law library are not an extraordinary circumstance warranting equitable tolling). To be entitled to equitable tolling, the plaintiff must show a causal link between the service interruptions and his inability to file his complaint. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (to be entitled to equitable tolling based on a lack of library access, the petitioner must show that the lack of access "actually *prevented* [him] from timely filing his habeas petition").

      Jackson has made no such showing. He alleges no facts to show that any diminished access to the prison law library impeded his ability to file his complaint. His complaint cites no case law and instead simply includes the facts allegedly supporting his claim, demonstrating no need for law library access. Prison mail systems were not closed due to the COVID-19 pandemic. *See*

*United States v. Caldwell*, Civil No. 2:20-3, 2020 WL 2849997, at *2 (S.D. Tex. June 1, 2020) (noting that "[e]ven if prison law libraries are closed due to the current COVID-19 pandemic, prison mail systems are not" and recognizing that inmates were not prevented from filing motions and responses in other cases). While it may have been more challenging for Jackson to prepare his complaint and mail it during the COVID-19 lockdowns, he has not established that any pandemic-related circumstances actually prevented its filing. Finally, Jackson has offered no explanation for why he could not have filed his complaint during the 8 months after the incident in July 2019 and before TDCJ's COVID-19 restrictions were imposed in March 2020.

Because Jackson has failed to satisfy either element necessary to entitle him to equitable tolling, he is not entitled to an extension of the limitations period on that basis. His complaint is untimely and will be dismissed as barred by limitations.

## III.     Conclusion and Order

Plaintiff Allen L. Jackson's civil rights action (Docket Entry No. 1) is dismissed with prejudice as barred by the statute of limitations. All pending motions, including the Motion for Production of Documents, (Docket Entry No. 14), are denied as moot. Final judgment will be separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk shall send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on June 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge